IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JASON JOZWIAK, on behalf of himself and others similarly situated,** | ) )  CASE NO. 1:17-cv-1238 |
| Plaintiffs, | ) ) ) JUDGE |
| vs. | ) ) |
| **CUYAHOGA COUNTY** c/o County Executive, Armond Budish Cuyahoga County Administrative Headquarters 2079 East Ninth Street Cleveland, OH 44115 | ) ) ) **COLLECTIVE ACTION COMPLAINT** ) ) ) JURY DEMAND ENDORSED HEREON ) ) |
| Defendant. | ) ) |

Plaintiff, Jason Jozwiak, on behalf of himself and all others similarly situated (the "Putative Class"), brings this action against Defendant Cuyahoga County (the "County" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Cuyahoga County, Ohio.

4. At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

5. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(s)(1)(C).

6. Plaintiff's written consent to join this action is attached hereto as **Exhibit A**. Written consents to join this action when executed by other individual plaintiffs will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

7. At all times relevant herein, Plaintiff Jozwiak has been employed by the County as a Corrections Officer, an hourly non-exempt position.

8. Defendant required Plaintiff and similarly situated workers to attend roll call and/or complete other pre-shift work that related to their jobs during regular work hours without pay.

9. Plaintiff and the Putative Class regularly work hours in excess of forty (40) in a workweek.

10. Plaintiff brings this action on behalf of himself and all former and current hourly non-exempt employees of Cuyahoga County who, at any time during the last three years, were required to clock in prior to the start of their scheduled shift for roll call and to complete other pre-shift work (the "Putative Class").

11. In failing to include this pre-shift work as time spent working by Plaintiff and the Putative Class, the County failed to properly compensate Plaintiff and the Putative Class members for all hours worked, including hours worked in excess of forty (40) in a workweek, and failed to pay Plaintiff and the Putative Class members for all hours spent working.

12. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

14. Plaintiff brings this action on behalf of himself and the Putative Class members who have been, are being, or will be adversely affected by Defendant's unlawful conduct described above.

15. Plaintiff seeks to represent the following class for whom Plaintiff seeks the right to send "opt-in" notices to the Putative Class, of which Plaintiff is himself a member.

- All former and current hourly non-exempt employees of Cuyahoga County who worked as Corrections Officers and at any time during the last three years, were required to clock in prior to the start of their scheduled shift for roll call and/or other pre-shift work.

16. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

17. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for: (1) unpaid overtime compensation; (2) liquidated damages; and (3) attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of other employees and are acting on behalf of their interests as well as his own in bringing this action.

18. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll and other records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of

collectively adjudicating their claims for: (1) unpaid overtime compensation; (2) liquidated damages; and (3) attorneys' fees and costs under the FLSA.

## CLAIMS FOR RELIEF

### COUNT I
### (Violations of the FLSA)

19. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20. Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

21. As employees for Defendant, Plaintiff and the Putative Class members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

22. Plaintiff and the Putative Class members do not qualify for an exemption from the minimum wage and overtime obligations imposed by the FLSA.

23. Throughout Plaintiff's and the Putative Class members' employment, Defendant has known that Plaintiff and the Putative Class members are not exempt from the minimum wage and overtime obligations imposed by the FLSA. Defendant has known that they are required to pay Plaintiff and the Putative Class for all hours worked, including hours worked in excess of forty (40) in any workweek. In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff and the Putative Class members are entitled.

24. Because the Defendant's failure to pay such wages was willful pursuant to 29 U.S.C. § 255(a), Plaintiff and the Putative Class are entitled to these wages dating back three years.

25. The identity of all the Putative Class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records. Plaintiff is entitled to review these records and immediately identify the Putative Class members who have a right to join this collective action.

26. The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiff and the Putative Class is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

27. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendant. Absent Defendant keeping these records as required by law, Plaintiff and the Putative Class are entitled to submit their information about the number of hours worked.

28. Defendant's failure to pay Plaintiff and the Putative Class for all hours worked, including hours worked in excess of forty (40) in any workweek, is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiff and the Putative Class are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid or were not paid in the pay period for the workweek in which such overtime was earned.

29. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff and the Putative Class proper compensation. As such, Plaintiff and the Putative Class are entitled to attorneys' fees and costs incurred pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. 216(b);

2. Awarding Plaintiff and the Putative Class members their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

3. For a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

4. Awarding Plaintiff and the Putative Class their reasonable costs and attorney fees necessarily incurred herein; and

5. Awarding Plaintiff and the Putative Class such other and further relief as the Court deems just and proper.

Respectfully submitted,

NILGES DRAHER LLC

*/s/Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
Michaela M. Calhoun (0093546)
7266 Portage Street, NW
Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Shannon M. Draher*
Shannon M. Draher

*Counsel for Plaintiff*