IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON JOZWIAK, et al., | ) | CASE NO. 1:17-CV-1238 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, | ) | **Jury Demand Endorsed Hereon** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CUYAHOGA COUNTY'S ANSWER TO PLAINTIFFS' "COLLECTIVE ACTION COMPLAINT"**

For its Answer to Plaintiffs' Collective Action Complaint ("Complaint"), defendant Cuyahoga County ("Defendant") states, admits, and denies as follows:

**FIRST DEFENSE**

**JURISDICTION AND VENUE**

1. Paragraph one of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant admits only that this Court has jurisdiction only if such averments set forth are present and denies each and every other averment of paragraph one not herein admitted.

2. Paragraph two of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper only where such averments are present and denies each and every other averment of paragraph two not herein admitted.

## PARTIES

3. Defendant is without information or knowledge sufficient to either admit or deny the averments of paragraph 3 and accordingly denies.

4. Paragraph 4 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant admits that 29 U.S. C. § 203(e) speaks for itself.

5. Paragraph 5 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant admits that 29 U.S. C. § 203(e) speaks for itself.

6. Paragraph 6 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant admits that Exhibit A attached to the Complaint speaks for itself.

## FACTUAL ALLEGATIONS

7. Defendant admits only that Plaintiff Jozwiak is employed by the County and denies each and every other averment of paragraph 7 not herein admitted.

8. Defendant admits only that corrections offices are required to attend roll call and denies each and every other averment of paragraph 8.

9. Defendant denies the averments of paragraph 9.

10. Defendant admits that paragraph 10 speaks for itself and denies each and every other averment of paragraph 10 not herein admitted.

11. Defendant denies the averments of paragraph 11.

12. Defendant denies the averments of paragraph 12.

## COLLECTIVE ACTION ALLEGATIONS

13. In response to paragraph 13, Defendant incorporates by reference its responses to paragraphs one through 12 above as if incorporated in full herein.

14. Defendant acknowledges that this action is brought as a putative collective action lawsuit, and denies the remaining allegations, self-serving argument and legal conclusions of paragraph 14.

15. In response to paragraph 15, Defendant admits only that Plaintiff improperly seeks to certify a collective action, of which he is not a proper member and denies each and every other averment of paragraph 15 not herein admitted.

16. Paragraph 16 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant denies.

17. Paragraph 17 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, defendant denies the remaining allegations, self-serving argument and legal conclusions of paragraph 17.

18. Paragraph 18 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant denies.

## CLAIMS FOR RELIEF
## COUNT I

19. In response to paragraph 19, Defendant incorporates by reference its responses to paragraphs one through 18 above as if incorporated in full herein.

20. Paragraph 20 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant admits.

21. Paragraph 21 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant denies.

22. Paragraph 22 of the Complaint sets forth a legal statement and or conclusion to which no response is required. To the extent a response is required, Defendant states that the FLSA speaks for itself.

23. Paragraph 23 sets forth legal statements and/or conclusion to which no response is required other than to state that the FLSA speaks for itself and denies each and every other averment of paragraph 23 not herein admitted.

24. Defendant denies the averments of paragraph 24.

25. Defendant admits that the identity of all former and current Cuyahoga County Corrections Officers is known, but denies each and every other averment of paragraph 25 not herein admitted.

26. Defendant admits that records of compensation for all former and current Cuyahoga County Corrections Officers are maintained, but denies each and every other averment of paragraph 26 not herein admitted.

27. In response to paragraph 27, the FLSA speaks for itself. Further answering defendant denies each and every other averment of paragraph 27 not herein admitted.

28. In response to paragraph 28, the FLSA speaks for itself. Further answering, defendant denies each and every other averment of paragraph 28 not herein admitted.

29. Defendant denies the averments of paragraph 29.

30. In response to Plaintiff's Prayer for Relief (1-5), Cuyahoga County requests that said relief be denied. Further responding, Cuyahoga denies all averments set forth therein.

31. Cuyahoga denies each and every remaining averment of the Complaint not expressly admitted herein to be true.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

4

2. Plaintiffs' Complaint is not appropriate for a collective action.

3. This Court is without jurisdiction to hear this case.

4. The claims of Plaintiffs and potential opt-ins are barred or limited by the applicable statute of limitations and by the doctrine of latches.

5. Some or all of Plaintiffs and potential opt-ins are barred in whole or in part by statutory exemptions, exclusions, exceptions, off-sets and/or credits provided for in 29 U.S.C.§ 207 *et seq*.

6. The claims of Plaintiffs' and potential opt-ins are barred in whole or in part by the doctrines of waiver, release, avoidable consequences, accord and satisfaction, and unclean hands.

7. Defendant's actions towards Plaintiffs and potential opt-ins were not a willful violation of any law, including, but not limited to the FLSA.

8. At all times relevant, Defendant relied in good faith upon advice of counsel and in accordance with the relevant collective bargaining agreement.

9. To the extent that any Plaintiffs have not opted-in to participate in the action, such Plaintiffs' claims are barred.

10. The claims of Plaintiffs and potential opt-ins for liquidated damages are foreclosed by virtue of Defendant's accordance with and/or its good faith and reasonable belief that it was acting in accordance with the Fair Labor Standards Act and the collective bargaining contracts relevant hereto.

11. Plaintiffs and potential opt-ins' alleged injuries and damages were the direct and proximate result of their own conduct.

12. Plaintiffs lack standing to assert all or some of the claims and/or to obtain all or

some of the relief required from the Court.

13. Plaintiffs' claims are barred to the extent that Plaintiff seeks to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA with respect to matters alleged in the Complaint.

14. The claims of Plaintiffs and potential opt-ins are barred by the Theory of Payment.

15. Even crediting the allegations in the Complaint, including those that the Defendant has denied, the activities for which Plaintiffs seek compensation for themselves and the purported collective group involve only insubstantial and insignificant periods of time, or are *de minimis* and are not compensable under the FLSA or any other applicable law or regulation.

16. Any recovery by any Plaintiffs and potential opt-ins must equitably be reduced by compensation received from the Defendant in cash or in time off for hours worked that were in excess of (40) hours for any given workweek.

17. Plaintiffs and potential opt-ins have failed to Exhaust Administrative Remedies.

18. Some or all of the claims of Plaintiffs and potential opt-ins are barred by Collateral Estoppel and Res Judicata.

19. Some or all of the claims of Plaintiffs and potential opt-ins claims are barred by the Collective Bargaining Agreements (See Exhibit A, attached hereto and incorporated by reference).

20. Some or all of the claims of Plaintiffs and potential opt-ins are barred by Section 207 (k) of the FLSA.

21. Plaintiff is not a proper representative of the proposed collective class.

22. Plaintiff has failed to join an indispensable party.

23. Defendant specifically reserves the right to amend this Answer, to raise further Affirmative Defenses, which may develop during the course of Discovery.

**WHEREFORE**, having fully answered the averments of the Complaint, defendant Cuyahoga County respectfully requests that the Complaint be dismissed in its entirety with prejudice at cost to plaintiffs, and Defendant be awarded its costs and attorneys' fees incurred in defending this action and for other such relief as the court deems proper.

Respectfully submitted,

Cuyahoga County Department of Law
ROBERT J. TRIOZZI, Director

/s/ *Jonathan M. Scandling*
Robin M. Wilson (0066604)
Jonathan M. Scandling (0093905)
Assistant Law Director
County Administrative Headquarters
2079 East 9th Street
Cleveland, OH 44115
(216) 443-7042 (Telephone)
(216) 698-2744 (Facsimile)
*rwilson@cuyahogacounty.us*
*jscandling@cuyahogacounty.us*

*Counsel for Defendant Cuyahoga County*

[Representation pursuant to August 27, 2013 Agreement governing the division of duties between the Cuyahoga County Prosecutor's Office and Department of Law]

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury as to all claims.

>*/s/ Jonathan M. Scandling*
>One of the Counsel for Defendant Cuyahoga County

**CERTIFICATE OF SERVICE**

This is to certify that on July 11, 2017, I caused the forgoing document to be electronically filed in accordance with the Court's Electronic Filing guidelines. Notice of this filing will be sent to the parties by operation of the Court's Electronic Filing system. Parties may access this filing through the system.

/s/ *Jonathan M. Scandling*
Counsel for Defendant Cuyahoga County