UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON JOZWIAK, *et al*, | ) | CASE NO. 1:17-cv-01238 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CUYAHOGA COUNTY'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING ARBITRATION**

For the reasons set forth in Defendant Cuyahoga County's Motion to Stay Pending Arbitration (Doc. # 52), which is expressly incorporated herein, and in this Reply in Support of that Motion, Plaintiff Jason Jozwiak ("Plaintiff") is bound by the terms of the Collective Bargaining Agreement ("CBA") (Doc. # 52-2) between Ohio Patrolmen's Benevolent Association (the "OPBA," or the "Union.") and Cuyahoga County ("County"), and must bring his claims under the CBA's grievance procedure which culminates in binding arbitration. Article 38, Section 2, of the CBA sets forth the Grievance Procedure and applies to every alleged "breach, misinterpretation, or improper application" of the CBA – including the provisions related to hours of work and overtime pay, the crux of Plaintiff's allegations in this matter. Because Plaintiff's exclusive remedy is through the grievance procedure in the CBA, this Court should stay this action pending arbitration.

**I.     ARGUMENT**

Plaintiff is a member of the OPBA and is subject to the terms of the collective bargaining agreement. The CBA contains overtime provisions (Art. 24) and provisions related to hours of work (Art. 23).[1] It requires employees to provide notice at the end of their shift if they suspect a misapplication of any overtime provision (Art. 24, §8) and to notify the roster sergeant or payroll department of any underpayment of wages (Art. 16, §2). It also provides a grievance procedure applicable to any "breach, misinterpretation, or improper application" of the Agreement. (Art. 24, §2). Plaintiff's claims fall under the reporting and grievance requirements of the CBA which sets forth the exclusive avenue for Plaintiff to pursue his claims.

    **A.     Pursuant to Ohio Revised Code Chapter 4117, Binding Arbitration is the Exclusive Remedy Between Plaintiff and the County.**

Despite Plaintiff's attempt to make it so, this case does not present a Supremacy Clause issue. The County is not arguing that Ohio Revised Code Chapter 4117 preempts federal law.

---

[1] The CBA defines the hours of work during which employees are expected to perform their job duties in Article 23:

**SECTION 1.** For those employees on a five (5) day workweek, the normal workday shall consist of eight (8) hours and fifteen (15) minutes, with four (4) consecutive workdays and two (2) consecutive days off.

**SECTION 2.** For those employees on a four (4) day workweek, the normal workday shall consist of ten (10) hours and fifteen (15) minutes, with four (4) consecutive workdays and three (3) consecutive days off.

**SECTION 3.** Subject to the provisions of this Section 3, the Employer may schedule employees to work seven (7) shifts within a fourteen (14) day period, with the normal workday consisting of twelve (12) hours and fifteen (15) minutes, with three (3) consecutive workdays and four (4) consecutive days off in one week, and four (4) consecutive workdays and three (3) consecutive days off the next week.

* * *

**SECTION 4.** Employees shall receive a forty-five (45) minute lunch period, fifteen minutes of which will be non-compensable, and for the purpose of overtime calculation, not counted as hours worked. …

Rather, the County seeks to enforce the grievance procedure contained within the CBA that governs Plaintiff's claims and provides Plaintiff's exclusive remedy. The issue before this Court is a contract issue, not a Supremacy Clause issue.

A binding arbitration provision in a collective bargaining agreement provides the exclusive remedy between a public employer and its employees:

> An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure…

*See* O.R.C. § 4117.10(A). Where a collective bargaining agreement provides for binding arbitration of a claim by a public employee, and no exception exists, the court lacks subject matter jurisdiction over the matter. *Brannen v. Bd. of Educ.*, 144 Ohio App.3d 620, 628, 761 N.E.2d 84, 90 (12th Dist. 2001).

The cases cited by Plaintiff have no bearing on the issue before this Court. The Court in *Risner v. Tri-County Reg'l Jail*, 2010 U.S. Dist. LEXIS 39701 (S.D. Ohio, March 26, 2010), did not address whether a binding arbitration provision in a collective bargaining agreement provides the exclusive remedy between a public employer and its employees. Rather, in *Risner*, the union argued that the court should dismiss the plaintiff's claim under Title VII because Ohio Revised Code Chapter 4117 conferred exclusive jurisdiction over the claim to the State Employment Relations Board ("SERB"). *Id.* at *7-*8. The court concluded that under the Supremacy Clause, state law did not preempt federal law and that the plaintiff was not required to pursue her claim before SERB. *Id.* at *9. The union did not argue, and the Court did not consider, the affect of a binding arbitration agreement and whether such an agreement would prevail. The Court only considered whether SERB or the court had jurisdiction.

Plaintiff also attempts to make much ado about the position the County took in *Zickes v. Cuyahoga County*. (Plaintiff's Brief in Opposition to Defendant's Motion to Stay Pending Arbitration, Doc. # 59, p. 3 and Ex. A). In its Positional Statement (Ex. A to Plaintiff's Brief), the County never argued that a binding arbitration provision in a collective bargaining agreement did not provide the exclusive remedy between a public employer and its employees – the issue presently before the Court in this matter. Rather, as in *Risner*, the *Zickes* case dealt with whether the Federal Court or SERB had jurisdiction over the plaintiff's claims arising under federal law. Like in *Risner*, the Court did not address the affect of a binding arbitration agreement that included within its scope the claims presented.

Contrary to Plaintiff's argument, the decision in *Brannen v. Bd. of Educ.* is on point and addresses the issue presently before this Court, the enforcement of an arbitration agreement on a claim alleging a violation of the FLSA. In *Brannen*, the Court of Appeals looked to R.C. §4117.10, and held that where a collective bargaining agreement provides for binding arbitration of grievances related to wages, hours, and the terms and conditions of employment, binding arbitration is a public employee's exclusive remedy for violations of rights arising from the collective bargaining agreement. *Brannen*, 144 Ohio App.3d 620, 628, 761 N.E.2d 84, 90. The Court held that plaintiffs' claim that deductions from their paychecks for time spent on unauthorized breaks violated the Fair Labor Standards Act and Ohio's Minimum Fair Wage Standards Act depended entirely on the collective bargaining agreement and should have been pursued through the grievance procedure in the CBA. The Court concluded that because the grievance procedure provided the exclusive remedy, the Court lacked jurisdiction over the claim. *Id.* at 632-33. That is precisely the issue in this matter and the same principles apply and require

Plaintiff to follow the grievance procedures in the CBA. As a result, this Court should stay this matter pending arbitration.

> B. **Plaintiff and the Corrections Officers are Required to Arbitrate Their Claims.**

The *Pyett* doctrine controls the outcome of this case. In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009), the U.S. Supreme Court recognized that a provision in a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law. In *Pyett*, the Supreme Court addressed the holdings in the cases relied upon by Plaintiff (*Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974); *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981); and, *McDonald v. West Branch*, 466 U.S. 284 (1984)), recognizing the narrowness of those decisions:

> The facts underlying *Gardner-Denver, Barrentine*, and *McDonald* reveal the narrow scope of the legal rule arising from that trilogy of decisions. Summarizing those opinions in *Gilmer*, this Court made clear that the *Gardner-Denver* line of cases "did not involve the issue of the enforceability of an agreement to arbitrate statutory claims." 500 U.S., at 35, 111 S. Ct. 1647, 114 L. Ed. 2d 26. Those decisions instead "involved the quite different issue whether arbitration of contract-based claims precluded subsequent judicial resolution of statutory claims. Since the employees there had not agreed to arbitrate their statutory claims, and the labor arbitrators were not authorized to resolve such claims, the arbitration in those cases understandably was held not to preclude subsequent statutory actions." *Ibid.;* see also *Wright*, 525 U.S., at 76, 119 S. Ct. 391, 142 L. Ed. 2d 361; *Livadas* v. *Bradshaw*, 512 U.S. 107, 127, n. 21, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994). *Gardner-Denver* and its progeny thus do not control the outcome where, as is the case here, the collective-bargaining agreement's arbitration provision expressly covers both statutory and contractual discrimination claims.

*Pyett*, 556 U.S. at 263-264. As was the case in *Pyett*, *Gardner-Denver* and its progeny do not control the outcome of this case.

The County's Agreement with the OPBA specifically provides Articles addressing employee pay and overtime, and specifically, clearly and unmistakably requires employees who

suspect an overtime error to report those errors to the County for resolution. (Art. 16, §2; Art. 24, §8). The CBA also provides a grievance provision encompassing any breach, misinterpretation, or improper application of the Agreement (Art. 38, §2), including provisions relating to overtime and pay, and mandates arbitration at step 4 of the grievance process (Article 38, §7-8). The CBA in this case demonstrates a clear and unmistakable intent to submit wage and hours claims to arbitration.

Plaintiff cites to *Waymore v. Miami County Sheriff's Office* in an attempt to support his position that this matter is not subject to the grievance procedures set forth in the CBA. The Court in *Waymore* recognized that a "collective bargaining agreement may indeed require arbitration of statutory claims (like Plaintiff's FLSA claims), thereby barring employees from suing in court" if the CBA "expressly covers statutory rights." *Waymore*, Case No. 3:15-cv-159, 2017 U.S. Dist. LEXIS 46768, *15 (S.D. Ohio, March 29, 2017). The Court summarily determined, without analysis or discussion of the language in the CBA, that the CBA did not cover the plaintiff's FLSA claims: "Here, Plaintiff's CBA does not expressly cover statutory rights (and Defendant does not argue otherwise)". *Id.* Similarly, the Court in *Featsent v. City of Youngstown*, without discussion, determined that the plaintiffs were not contractually bound to utilize the grievance procedure to pursue their claims under the FLSA. *Featsent*, 70 F.3d 900, 906. The decisions in *Waymore* and *Featsent* do not address the issue in this case and have no bearing on the present matter. In neither case did the Courts discuss the applicability of a grievance procedure that specifically covers wage and hour claims. As discussed above, the CBA in this matter expressly covers Plaintiff's wage and hour claims.

The decisions in *Hodges v. All Transit LLC,* Case No. CV 13-2587, 2014 U.S. Dist. LEXIS 16314 (E.D. N.Y., February 7, 2014) and *Babcock v. Butler Cty.*, Case No. 12cv394,

2012 U.S. Dist. LEXIS 65874 (W.D. Pa., May 10, 2012), discussed in Defendant Cuyahoga County's Motion to Stay Pending Arbitration (Doc. # 52), illustrate the application of the *Pyett* doctrine in cases involving claims under the FLSA.  The Court in *Hodges*, under the doctrine announced in *Pyett*, found that the arbitration provision "clearly and unmistakably" required arbitration of plaintiffs' FLSA claims, even though there was not a specific reference in the arbitration provision of the CBA to federal statutory claims or the FLSA.  *Hodges*, 2014 U.S. Dist. LEXIS 16314 at *4.  The Court found that the provision, despite its lack of reference to the FLSA, demonstrated a clear and unmistakable intent to encompass wage and hour disputes, including those falling under the FLSA.  *Id.* at *4-5.

Similarly, in *Babcock*, the Court analyzed a CBA containing a provision related to payment of wages for meal periods.  The Court held that the plaintiffs' claim for wages under the FLSA had to proceed to arbitration pursuant to the language of the CBA.  *Babcock*, 2012 U.S. Dist. LEXIS 65874 at *10-12.  As in *Hodges* and *Babcock*, the language in the collective bargaining agreement in the present matter demonstrates a clear and unmistakable intent to submit wage and hours claims to arbitration.

      C.      **The Grievance Process is Enforceable.**

Plaintiff relies on *Boaz v. FedEx Customer Info. Servs.* for the proposition that the grievance process under the CBA in this case is unenforceable.  In *Boaz*, the Court considered a summary judgment motion seeking to dismiss the plaintiff's claims contending that the FLSA claims were time barred by the limitations period in an employment agreement.  *Boaz*, 725 F.3d 603, 605 (6th Cir. 2013).  That is not the issue in the present matter.  The County has not asked this Court to dismiss Plaintiff's claims.  The issue in this case is whether Plaintiff agreed to utilize the grievance procedure in the CBA, which as discussed above, he did.

Moreover, the application of a time limitation falls within the purview of the arbitrator. As set forth by the Sixth Circuit, the applicability of a time limitation provision falls within the authority of the arbitrator:

> What emerges from *John Wiley & Sons* and *Howsam* is a fairly straightforward rule: A time-limitation provision involves a matter of procedure; it is a "condition precedent" to arbitration, *id*. (internal quotation marks omitted); and it thus is "presumptively" a matter for an arbitrator to decide, *id.* In the absence of an agreement to the contrary, in the absence in other words of language in the agreement rebutting the presumption, arbitrators rather than judges should resolve disputes over time-limitation provisions.

*USW v. St. Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 422 (6th Cir. 2007). The grievance procedure contained in the CBA is valid and enforceable. The applicability of time limitations under the CBA is a question for the arbitrator.

## II.   CONCLUSION

For the reasons stated above and in Defendant's Motion to Stay Pending Arbitration (Doc. # 52), the Court should issue an order staying this matter pending arbitration.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*/s/ Stephen S. Zashin*
**Stephen S. Zashin (0064557)**
**Michele L. Jakubs (0071037)**
950 Main Avenue, 4th Floor
Cleveland, OH 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618
ssz@zrlaw.com
mlj@zrlaw.com

**Cuyahoga County Department of Law**
**ROBERT J. TRIOZZI, Director**

**Robin M. Wilson (0066604)**
**Jonathan M. Scandling (0093905)**

        Assistant Law Directors
        County Administrative Headquarters
        2079 East 9th Street
        Cleveland, OH 44115
        Telephone: (216) 443-7042
        Facsimile: (216) 698-2744
        rwilson@cuyahogacounty.us
        jscandling@cuyahogacounty.us

        *Attorneys for Defendant,*
        *Cuyahoga County*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 30, 2018 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        */s/ Stephen S. Zashin*
                                        **Stephen S. Zashin  (0064557)**

                                        One of the Attorneys for Defendant,
                                        Cuyahoga County