# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JASON JOZWIAK,** | CASE NO. 1:17-cv-1238 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | **OPINION AND ORDER** |
| **CUYAHOGA COUNTY,** | |
| Defendant. | |

Plaintiff Jason Jozwiak filed this collective action against Defendant Cuyahoga County on June 13, 2017. Doc #: 1. In his Complaint, Jozwiak asserts one claim under the Fair Labor Standards Act ("FLSA"). Compl. ¶¶ 19-29. On November 2, 2017, Cuyahoga County filed a Motion to Stay Pending Arbitration. Doc #: 52. Jozwiak filed a Response on January 16, 2018. Doc #: 59. Cuyahoga County filed its Reply on January 30, 2018. Doc #: 62. For the following reasons, Cuyahoga County's motion is **DENIED**.

**I.    Background**

Jozwiak is employed by Cuyahoga County as a Corrections Officer. Compl. ¶ 7. As such, he is a member of the Ohio Patrolmen's Benevolent Association (the "Union"), which

represents Correction Officers in Cuyahoga County. Mot. 1. Cuyahoga County and the Union are subject to a Collective Bargaining Agreement ("CBA"). *Id.*

Jozwiak alleges that Cuyahoga County required him, and similarly-situated employees, to attend roll call and complete other pre-shift work without compensating them for this additional time worked. Comp. ¶ 8. Thus, Jozwiak alleges he worked in excess of the weekly hours permitted under the FLSA and was not paid overtime for those excess hours. Compl. ¶ 21.

**II.	Analysis**

Cuyahoga County believes that the Grievance Procedure set forth in Article 38 of the CBA controls this dispute and requires that Jozwiak's FLSA claim be arbitrated. Mot. 9. Article 38 requires that all "grievances" be addressed through a formal grievance procedure which includes arbitration. Art. 38, § 1. A grievance is defined as "an allegation by a bargaining unit member that there has been a breach, misinterpretation, or improper application of [the CBA]." Art. 38, § 2.

Cuyahoga County argues that Jozwiak's claim involves potential breaches of Articles 23 and 24 of the CBA and therefore constitutes a grievance. Article 23 is titled "Hours of Work" and details the number of hours an employee shall work in a week. Art. 23. Article 24 titled "Overtime" provides that any employee who works over forty hours per week shall be compensated at one and one-half hours for each overtime hour worked. Art. 24, § 1. However, neither of these provisions address the crux of Jozwiak's allegations: that his pre-shift work activities are compensable. In fact, on numerous occasions before the Court, Cuyahoga County has argued that it believes that Jozwiak's pre-shift activities are non-compensable and do not constitute work activities. *See* Doc #: 35-1 at 11. Cuyahoga County is unable to point to a

provision in the CBA that addresses what constitutes "work" and what does not. Articles 23 and 24 cited by Cuyahoga County presuppose that the activities performed by the employee constitute work and are compensable. Whether Jozwiak's pre-shift activities are compensable is an issue outside the scope of the CBA. Thus, the Court finds no support for Cuyahoga County's position that Jozwiak's claim is a grievance under the CBA which must be arbitrated.[1]

Additionally, even if the CBA did apply, the grievance provision does not expressly mention that it applies to an FLSA claim or any federal statutory claims. A CBA must clearly and unmistakably require union members to arbitrate federal statutory claims, including FLSA claims. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009). As stated above, a grievance is defined by the CBA in this case as "an allegation by a bargaining unit member that there has been a breach, misinterpretation, or improper application of [the CBA]." Art. 38, § 2. Nearly identical provisions have been analyzed by district courts in this circuit and in others. None of those courts have found that such a provision affects a plaintiff's right to pursue FLSA claims in federal court. *See, e.g.*, *Campbell v. Kelly,* No. 3:09-cv-435, 2011 WL 3862019, *10 fn. 5(S.D. Ohio Aug. 31, 2011); *Koelker v. Mayor and City Council of Cumberland (Maryland)*, 599 F. Supp. 2d 624, 631 fn. 7 (D. Md. 2009). On the other hand, courts have declined to follow the *Hodges* and *Babcock* cases cited by Cuyahoga County that held that general terms in arbitration clauses like "wages" specifically apply to FLSA claims. *See Fernandez v. Windmill Distributing*

---

[1]The Court also finds it concerning that it appears that Jozwiak would be time-barred from bringing his claim under the CBA. The CBA's Grievance Procedure requires an employee to report a grievance to his supervisor within three days of the incident giving rise to the grievance. Art. 38, § 7. Cuyahoga County mentions in its Motion that Jozwiak did not follow the Grievance Procedure. Mot. 5. So, it appears that Jozwiak might be unable to address his claim in arbitration.

-3-

*Co.*, 159 F. Supp. 3d 351, 360 (S.D.N.Y. 2016). This Court agrees. A CBA must specifically mention federal statutory claims for an arbitration provision to apply to those claims. Accordingly, Cuyahoga County's Motion to Stay Pending Arbitration is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    Feb. 1, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**