IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON JOZWIAK, an individual, on behalf of himself and others similarly situated,<br>　　　Plaintiff,<br><br>　　vs.<br>CUYAHOGA COUNTY<br>　　　Defendant. | CASE NO.  1:17-CV-1238<br><br>JUDGE DAN AARON POLSTER<br><br><u>ORDER OF DISMISSAL WITH PREJUDICE AND APPROVAL OF SETTLEMENT</u> |

　　　This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

　　　Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Hans A. Nilges, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approval of Settlement, the Agreement and its Exhibits, the proposed allocation and calculation of Individual Payments, the proposed Service Award to the Representative Plaintiff, and the proposed attorneys' fees and expense reimbursements to Plaintiff's Counsel, as follows:

　　　1.　　The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201, *et seq.*, on behalf of Cuyahoga County Corrections Officers.

　　　2.　　On June 13, 2017, Representative Plaintiff Jason Jozwiak filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and alleged that Defendant failed to pay Corrections Officers overtime compensation for all of the

hours they worked over forty (40) each workweek, in violation of the FLSA, 29 U.S.C. § 207 (the "Action").  On July 11, 2017, Defendant filed an answer to the Complaint disputing the material allegations both as to fact and law and denying any liability to Representative Plaintiff or any other Corrections Officers, and asserting several affirmative defenses.

3. Between September 2018 and December 2018 the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims.  This included the calculations of Plaintiff's and a sampling of the Opt-In Party Plaintiffs' alleged overtime damages.

4. On December 14, 2018, the Parties attended a mediation with Susan Grody Ruben in Cleveland, Ohio and, thereafter, reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached to the Parties' Joint Motion as Exhibit A.  The proposed Settlement eliminates the time, cost, and uncertainty of further litigation.

5. The Settlement will cover Representative Plaintiff and the 456 Opt-In Party Plaintiffs identified in Appendix 1 of the Settlement ("Settlement Class" or "Class Members").

6. The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the claims of the Representative Plaintiff and Opt-In Party Plaintiffs are to be dismissed with prejudice.

7. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation.  Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and Opt-In Party Plaintiffs.  The Court has considered all relevant factors, including the

risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

8. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and Opt-In Plaintiffs.

9. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments for the Class Members. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

10. The Court approves the Class Representative Payment to the Representative Plaintiff in recognition of his service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

12. The Court dismisses the claims of the Representative Plaintiff and Opt-In Party Plaintiffs, and enters final judgment dismissing them from the Action. The Court finds there is

no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal With Prejudice and Approving Settlement immediately.[1]

13. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the distribution process.

**SO ORDERED:**

Date: 5/24/2019

Dan Aaron Polster
United States District Judge

---

[1] 460 people opted-in to the lawsuit, but four were not Corrections Officers during the Calculation Period, and therefore do not meet the certified class definition and are therefore excluded from the Settlement Class. These people are Brian Williams (ECF No. 74), Thomas Kanzig (ECF No. 61), Tanya Cleveland (ECF No. 99), and Pamela Coleman (ECF No. 3).Dismissal as to these individuals is without prejudice.

**SO STIPULATED:**

| | |
|---|---|
| */s/ Hans A. Nilges* | */s/ Michele L. Jakubs* |
| Hans A. Nilges (0076017) | Stephen S. Zashin (0064557) |
| Shannon M. Draher (0074304) | Michele L. Jakubs (0071037) |
| Nilges Draher, LLC | Zashin & Rich Co., L.P.A. |
| 7266 Portage Street, N.W. | 950 Main Avenue |
| Suite D | 4th Floor |
| Massillon, OH  44646 | Cleveland, OH 44113 |
| Telephone:  330.470.4428 | Telephone:  216.696.4441 |
| Facsimile:  330.754.1430 | Facsimile:  216.696.1618 |
| E-Mail:  sdraher@ohlaborlaw.com | E-Mail:  ssz@zrlaw.com |
|           hans@ohlaborlaw.com |           mlj@zrlaw.com |
| *Counsel for Plaintiff* | and |

Cuyahoga County Department of Law
Greg Hurth (0062028)
Director of Law

*/s/ Jerad J. Zibritosky*
Jerad J. Zibritosky (0084900)
Asst. Law Director
Cuyahoga County Department of Law
2079 East 9th Street
Cleveland, OH 44115
Telephone:  216.698.3043
Facsimile:  216.698.2744
Email:  JZibritosky@CuyahogaCounty.US

[Representation pursuant to August 27, 2013 Agreement governing the division of duties between the Cuyahoga County Prosecutor's Office and Law Department]

*Counsel for Defendant*